UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CITIMORTGAGE, INC., | CIVIL NO. 12-1524 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT<br>&<br>RECOMMENDATION** |
| ROBERT A. KRAETZNER, JP MORGAN CHASE BANK, NA, CITIBANK (SOUTH DAKOTA), N.A., and STATE OF WISCONSIN, DEPARTMENT OF REVENUE, | |
| Defendants. | |

## I. INTRODUCTION

This case is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion to Remand (Doc. No. 4). This action has been referred to the Magistrate Judge for report and recommendation to United States District Court Judge John. R. Tunheim under 28 U.S.C. § 636 and Local Rule 72.2(B). (*See* Doc. No. 12.) A hearing was held on the Motion on September 5, 2012.[1] Based upon the record, memoranda, and arguments before the Court, **IT IS HEREBY RECOMMENDED** that the Motion be **GRANTED** and the case be **REMANDED** to the Circuit Court, St. Croix County, Wisconsin.

---

[1] Defendant Robert A. Kraetzner appeared pro se and made oral arguments to the Court. He, however, did not file any responsive papers to the present motion (Doc. No. 4).

1

## II.  BACKGROUND

Defendant Kraetzner is a Wisconsin resident.  On October 10, 2005, he executed and delivered a mortgage for $308,000.00 to Mortgage Electronic Registration Systems, Inc. ("MERS") in order to purchase real property at 1776 190th Street, New Richmond, Wisconsin ("Property").  This mortgage was recorded on October 28, 2005. (Demakopoulous Decl. Ex. A.)  Kraetzner defaulted on the mortgage, and Plaintiff brought suit seeking foreclosure in St. Croix County, Wisconsin.

On August 12, 2011, Plaintiff served Kraetzner its Summons and Complaint.  (*Id.* Ex. B.)[2]  Plaintiff moved for judgment on the pleadings, and the state court judge granted the Motion and entered judgment on October 14, 2011.  (*Id.* ¶¶ 9 & 10; Ex. D.)  Plaintiff then served Kraetzner with a Notice of Entry of Judgment of Foreclosure, which Kraetzner did not appeal.  (*Id.* Exs. D & E.)  Plaintiff filed and served an Amended Complaint on January 24, 2012, naming Citibank (South Dakota), N.A., and the State of Wisconsin, Department of Revenue as Defendants.  (*Id.* ¶ 13.)[3]  It then served Kraeztner with a Notice of Sheriff's Sale on April 19, sold the property to Federal National Mortgage Association ("Fannie Mae"), and served Kraetzner with a Motion to Confirm the foreclosure sale on June 11.  (*Id.* ¶¶ 14-17, Exs. G & H.)  On June 26, before the

---

[2] JPMorgan Chase Bank, NA, is a Defendant by virtue of a junior mortgage on the Property in the amount of $84,500.00.  (*Id.* Ex. F at 3.)

[3] Citibank (South Dakota), N.A., was added as a Defendant because it had obtained a judgment for $7,075.74 against Kraetzner in March 2011, and the Wisconsin Department of Revenue was added as a Defendant because of a tax lien entered against Kraetzner in the amount of $2,124.03. (*Id.* Ex. F at 4.)

scheduled hearing on Plaintiff's Motion, Kraetzner removed the case to federal court in St. Paul, Minnesota.  (*Id.* Ex. I.)

CitiMortgage now moves to remand this case to St. Croix County, Wisconsin, arguing Kraetzner's removal was untimely, federal courts lack jurisdiction over this dispute, and that the case was removed to the wrong federal district.

### III. ANALYSIS

CitiMortgage first argues that Kraetzner's removal to federal court was untimely. A defendant's notice of removal must be filed within "30 days after receipt . . . , through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  Where a case's removability may not be ascertained until an amended pleading, motion, or other paper, a notice of removal may be filed within 30 days after receipt of that filing.  *Id.* § 1446(b)(3).  Although these time limitations are not jurisdictional, "they are mandatory and are to be strictly construed[.]" *Percell's Inc. v. Cent. Tel. Co.*, Civ. No. 80-292, 493 F. Supp. 156, 157 (D. Minn. 1980) (Renner, J.).

Kraetzner was served with the Complaint on August 12, 2011, and the Amended Complaint on January 24, 2012.  Unless an amended complaint adds a federal claim that was not included in the original complaint, the amended complaint's filing does not extend the time in which a defendant must file a notice of removal.  *See Jewell v. Cleveland Wrecking Co. of Cincinnati*, 111 F.2d 305, 306 (8th Cir. 1940) ("The allegations of [the amended complaint], constituting the statement of plaintiff's claim, were all that could be considered in determining whether the case was within the jurisdiction of the District Court and was removable.").  Here, the Amended Complaint

3

did not change any of Plaintiff's claims against Kraetzner, nor did it add any federal claim. The window in which § 1446(b)(1) allowed him to remove this case to federal court expired in September 2011, long before he filed his Notice of Removal on June 26, 2012. Even if, arguendo, the Amended Complaint allowed Kraetzner 30 days to remove the case, he was served with the Amended Complaint on January 24. As a result, even under that hypothetical, Kraetzner's deadline for removal to federal court expired in February 2012, again, long before he filed his Notice of Removal.

Kraetzner argues that until he was served with notice of the hearing on Defendant's motion to confirm the foreclosure sale, he was not aware "that his Constitutional Rights were clearly going to be violated in this instant matter and as such this Notice of Removal falls within the required 30 day timeframe." (Demakopolous Decl. Ex. I.) Nothing in that pleading, however, indicates any basis for federal jurisdiction over this action. It is simply a motion to enforce an already-existing judgment. Accordingly, Kraetzner's removal of the present action was untimely.

Kraetzner also asserts that removal is proper because this Court enjoys original jurisdiction over the dispute. District courts enjoy original jurisdiction over all civil actions arising under federal law or between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Litigants may also remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). A case shall be remanded to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction . . . ." *Id.* § 1447(c). The party opposing remand has the burden of

establishing federal subject matter jurisdiction, *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 191, 193 (8th Cir. 1993), and "[f]ederal courts are to resolve all doubts about federal jurisdiction in favor of remand," *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quotation and citation omitted).

Kraetzner asserts that jurisdiction exists because the state court's granting CitiMortgage's Motion to Confirm the foreclosure sale will deprive him of his Seventh Amendment right to a jury trial. As an initial matter, the Seventh Amendment "applies only to proceedings in courts of the United States, and does not . . . govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same." *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916). The corresponding provision in the Wisconsin Constitution, Article I Section 5, protects the right of trial by jury in all cases at law. That protection does not, however, extend to equitable actions, *Neff v. Barber*, 162 N.W. 667, 668 (Wis. 1917), which an action to foreclose a mortgage is, *see Saric v. Bilos*, 19 N.W. 2d 903, 906 (Wis. 1945). A Wisconsin judge has granted a pretrial judgment, which Plaintiff now seeks to enforce. Kraetzner's Seventh Amendment rights are not jeopardized.

Finally, Kraetzner removed this case to the wrong federal district. An action brought in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 63 (D. Mass. 1991) ("There is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that where the state

5

court action is pending."). This case originated in St. Croix County, Wisconsin, and therefore the appropriate federal district would be the Western District of Wisconsin. Because no federal jurisdiction lies, however, the appropriate forum for this case's completion is St. Croix County, Wisconsin.

## IV. RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion to Remand be **GRANTED;**

2. the case be **REMANDED** to St. Croix County, Wisconsin; and

3. the Clerk of Court be ordered to **ENTER JUDGMENT ACCORDINGLY.**


Date: September 10, 2012
      /s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
For the District of Minnesota

*CitiMortgage, Inc. v. Kraetzner, et al.*
File No. 12-cv-1524 (JRT/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 25, 2012.**