UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CITIMORTGAGE, INC., | Civil No. 12-1524 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| ROBERT A. KRAETZNER, | |
| Defendant. | |

Gerald G. Workinger, Jr., **USSET, WEINGARDEN & LIEBO PLLP**, 4500 Park Glen Road, Suite 300, Minneapolis, MN, 55416, for plaintiff.

Robert A. Kraetzner, 1776 190th Street, New Richmond, WI, 54017, *pro se*.

This matter is before the Court on the objections of defendant Robert A. Kraetzner ("Kraetzner") to the Report and Recommendation ("R&R) of United States Magistrate Judge Tony N. Leung dated September 10, 2012. The Court has conducted a *de novo* review of Kraetzner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons stated below, the Court will adopt the R&R and grant CitiMortgage's motion to remand.

## BACKGROUND

Kraetzner is a resident of Wisconsin. (Decl. of Christina E. Demakopoulos, Ex. B at 16, July 26, 2012, Docket No. 7.) CitiMortgage, Inc. ("CitiMortgage") is a foreign corporation with its offices based in Missouri. (*Id.*, Ex. B at 16.)

On October 10, 2005, Kraetzner executed and delivered a mortgage for $308,000.00 ("mortgage") to Mortgage Electronic Regulations Systems, Inc. ("MERS") in order to purchase real property located at 1776 190th Street, New Richmond, Wisconsin ("the property"). (*Id.* ¶¶ 3-4, Ex. A at 3.)  The mortgage was recorded in the office of the Register of Deeds in St. Croix County, Wisconsin, on October 28, 2005. (*Id.* ¶¶ 3-4, Ex. A at 2.)  MERS assigned the mortgage to CitiMortgage pursuant to an assignment of the mortgage dated July 18, 2011. (*Id.* ¶ 5, Ex. B at 31.)  The mortgage allowed MERS to foreclose on the property to satisfy the debt secured by the mortgage. (*Id.*, Ex. A.)  Kraetzner eventually defaulted on the mortgage.

On August 12, 2011, CitiMortgage initiated a foreclosure proceeding against Kraetzner by serving Kraetzner with a summons and complaint in St. Croix County, Wisconsin. (*Id.* ¶ 6, Ex. B.)  The state court entered judgment of foreclosure and sale in favor of CitiMortgage on October 14, 2011. (*Id.* ¶ 10, Ex. D.)  On January 24, 2012, CitiMortgage filed and served an amended complaint, seeking to bind the added defendants to the terms of the existing judgment pursuant to Wisconsin statutes. (*Id.* ¶ 13, Ex. F.)  The amended complaint named Citibank (South Dakota), N.A., and the State of Wisconsin, Department of Revenue as defendants.[1]  (*Id.*)

---

[1] Aside from Kraetzner, JPMorgan Chase Bank, N.A., was named as a defendant in the original complaint by virtue of a junior mortgage on the property in the amount of $84,500.00. (Demakopoulos Decl., Ex. B at 16.)  Citibank (South Dakota), N.A., was added as a defendant to the foreclosure action because it held a judgment against Kraetzner in the amount of $7,075.74. (*Id.*, Ex. F at 13.)  The Wisconsin Department of Revenue was added as a defendant to the foreclosure action because it held a tax lien against Kraetzner in the amount of $2,124.03. (*Id.*, Ex. F at 13.)

(Footnote continued on next page.)

On April 19, 2012, CitiMortgage served Kraetzner with a notice of sheriff's sale. (*Id.* ¶ 14, Ex. G.)  On May 7, 2012, CitiMortgage assigned its judgment of foreclosure and sale against Kraetzner to the Federal National Mortgage Association ("Fannie Mae"). (*Id.* ¶ 15, Ex. H.)  On May 22, 2012, Fannie Mae purchased the property at the sheriff's sale for the sum of $315,577.31.  (*Id.* ¶ 16.)  On June 11, 2012, CitiMortgage served Kraetzner with a motion to confirm the foreclosure sale.  (*Id.* ¶ 17.)  Before the scheduled hearing on CitiMortgage's motion to confirm the sale, Kraetzner removed the case to this Court by notice of removal on June 26, 2011.  (Docket No. 1.)  The only item pending in the state court foreclosure action is CitiMortgage's motion to confirm the foreclosure sale.[2]

CitiMortgage now moves to remand this case to St. Croix County Circuit Court, Wisconsin, where its motion to confirm the foreclosure sale is still pending.

---

(Footnote continued.)

The aforementioned liens were all junior to the mortgage that was being foreclosed.  By naming the junior lienholders as parties to the foreclosure sale, CitiMortgage ensured that the junior liens would be extinguished by the sale and purchasers would take clear title to the property.  *See, e.g., Wis. Fin. Corp. v. Garlock*, 410 N.W.2d 649, 652 (Wis. Ct. App. 1987) ("The failure to join a [junior] lien holder to a foreclosure action does not void the proceedings, but instead leaves the subordinate lien holder with the same rights that he would have had at the commencement of the foreclosure proceedings.") (citing *Buchner v. Gether Trust*, 5 N.W.2d 806, 808 (1942)).

[2]  The Wisconsin foreclosure statutes prescribe a two-step process for the foreclosure of a mortgage: 1) the judgment of foreclosure and sale, and 2) the proceedings that enforce the judgment of foreclosure and sale, including the sheriff's sale and the judicial confirmation of the sale.  *Bank Mut. v. S.J. Boyer Const., Inc.*, 785 N.W.2d 462, 469 (Wis. 2010).  Judicial confirmation of the sale is "analogous to the execution of a judgment and simply enforce[s] the parties' rights which have been adjudicated."  *Shuput v. Lauer*, 325 N.W.2d 321, 326 (Wis. 1982); *see also* Wis. Stat. § 846.165(2).  Kraetzner removed to this Court prior to the judicial confirmation of sale, but after the state entered judgment of foreclosure and sale in favor of CitiMortgage.

CitiMortgage argues that this Court lacks jurisdiction over the state foreclosure proceeding, that Kraetzner's removal was untimely, and that the case was removed to the wrong federal district. On September 10, 2012, the Magistrate Judge issued an R&R recommending that CitiMortgage's motion to remand be granted and the case be remanded to St. Croix County Circuit Court, Wisconsin. (Docket No. 17.) Kraetzner timely objected to the R&R. (Docket No. 18.) For the reasons set forth below, the Court will adopt the R&R and grant CitiMortgage's motion to remand.

## ANALYSIS

### I.  STANDARD OF REVIEW

The district court reviews *de novo* those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72; *accord* D. Minn. LR 72.2(b).

### II.  OBJECTIONS

#### A.  Subject Matter Jurisdiction

##### 1.  Diversity Jurisdiction

Kraetzner objects to the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction. Kraetzner argues that his interest in the property amounts to "at least $435,000, which clearly exceeds the $75,000 threshold for the U.S. District Court," and that he is "not responsible for the other named defendants." (Docket No. 18.)

Federal district courts have jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). While it is true that the parties are citizens of different states and the amount in controversy here exceeds $75,000, removal to this Court based on diversity jurisdiction violates the forum defendant rule.  According to the forum defendant rule, a civil action otherwise removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) may not be removed if any of the defendants are citizens of the state in which the original action was brought.  28 U.S.C. § 1441(b)(2).  A breach of the forum defendant rule completely divests a district court of its subject matter jurisdiction. *Horton v. Konklin*, 431 F.3d 602, 605 (8th Cir. 2005); *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992).  Kraetzner is a citizen of Wisconsin, where the foreclosure proceeding was originally brought.  As such, removal to this Court based on diversity jurisdiction is prohibited by the forum defendant rule.  Kraetzner's objections regarding diversity jurisdiction under 28 U.S.C. § 1332(a)  will be overruled.

### 2. Federal Question Jurisdiction

Kraetzner next maintains that a United States District Court can  hear his  case because the state foreclosure proceeding violated his Fourth, Fifth, and Seventh Amendment rights under the federal constitution.[3]

---

[3] In his objections, Kraetzner also states that he has "allodial title to his land . . . and any disputes which can be settled only in a Federal court, and any who trespass on his land for any reason will be prosecuted in this court." (Docket No. 18.)  The Court assumes with this

(Footnote continued on next page.)

Federal district courts have jurisdiction over all civil actions arising under the federal constitution. 28 U.S.C. § 1331. First, Kraetzner alleges that the state foreclosure proceeding violated his federal constitutional rights under the Fourth Amendment. The Fourth Amendment provides that people shall be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . ." U.S. Const. Amend. IV. A Fourth Amendment seizure of property occurs when there has been a meaningful interference with a person's possessory interests in that property. *Robinette v. Jones*, 476 F.3d 585, 593 (8th Cir. 2007). "A Fourth Amendment violation occurs where a seizure is unreasonable under the circumstances." *Id.* Even if the foreclosure action constituted a seizure of Kraetzner's property, there are no facts showing that the seizure was unreasonable. Indeed, Kraetzner has not presented any evidence that CitiMortgage violated Wisconsin foreclosure procedures in any way. *See Sain v. Geske*, Civ. No. 07-4203, 2008 WL 2811166, at *14 (D. Minn. July 17, 2008) ("Even assuming that the [foreclosure] sale constituted a seizure, [plaintiff] has failed to state a claim under the Fourth Amendment because he has not alleged facts indicating that, in light of Defendants' compliance with constitutional Minnesota law, the seizure was unreasonable."). Kraetzner also has not presented evidence that CitiMortgage was the

---

(Footnote continued.)

statement Kraetzner is arguing that the Court has federal question jurisdiction. However, for the reasons stated below, Kraetzner has not brought any claims that give rise to a federal question.

wrong party to initiate the foreclosure proceedings.[4]  Because there are no facts in the record indicating CitiMortgage acted unreasonably in conducting the foreclosure sale, the Court finds Kraetzner has failed to state a claim under the Fourth Amendment.

Next, Kraetzner alleges that the state foreclosure proceeding violated his federal constitutional rights under the Fifth Amendment.  The Fifth Amendment only applies to federal government action, not to actions of private actors.  *Public Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952).  In order for an action to be considered federal government action under the Fifth Amendment, there must be "a sufficiently close nexus between the [government] and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [government] itself."  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974); s*ee also Warren v. Gov't Nat. Mortg. Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980).  Kraetzner has not advanced any argument that CitiMortgage could be fairly treated as the government itself.

However, this Court has found that "federal question jurisdiction is conferred upon a federal court hearing a lawsuit involving . . . Fannie Mae." *Allen v. Wilford & Geske*, Civ. No. 10-4747, 2010 WL 4983487, at *2 (D. Minn. Dec. 2, 2010) (citing 12 U.S.C. § 1723a(a)).  In *Allen*, this Court held, "Allen has named Fannie Mae as a defendant, so the Court finds federal question jurisdiction." *Id.*  Here, Fannie Mae is not named as a

---

[4] Kraetzner does object to CitiMortgage's right to bring a foreclosure action against him on the basis that the property has since been sold to Fannie Mae.  That objection is discussed below.  However, Kraetzner has not submitted any evidence to support his allegation that CitiMortgage did not have the right to bring a foreclosure action against him.  In fact, the record shows CitiMortgage did have the right foreclose on the property.

defendant in CitiMortgage's state complaint, or in this removal action. Indeed, unlike the plaintiff in *Allen*, Kraetzner is not bringing a separate federal action against Fannie Mae. Rather, he is removing a state court claim brought against him by CitiMortgage. Additionally, CitiMortgage initiated and conducted the foreclosure proceeding, and Fannie Mae's only involvement was as an assignee and purchaser after the judgment of sale and foreclosure had been entered. As such, the Court finds Kraetzner has not alleged a Fifth Amendment violation.

Lastly, Kraetzner argues that the state foreclosure proceeding violated his federal constitutional rights under the Seventh Amendment, because he was not given a jury trial. As the Magistrate Judge properly observed, the Seventh Amendment "applies only to proceedings in courts of the United States, and does not . . . govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same." *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916). Because the federal Seventh Amendment does not apply to state proceedings, the Court finds that Kraetzner's federal Seventh Amendment rights were not violated by the Wisconsin foreclosure proceeding.

CitiMortgage's complaint does not allege a federal claim, and Kraetzner has not met his burden in proving that a federal question exists here. Kraetzner's objections regarding federal question jurisdiction under 28 U.S.C. § 1331 will therefore be overruled.

### B. Timeliness

Kraetzner also objects to the portions of the R&R that discuss the timeliness of his removal. A defendant must file a notice of removal within "thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b)(1). However, a defendant may remove to federal court thirty days after first ascertaining that the case has become removable, even if that date is not within thirty days of the defendant's receipt of the initial or amended pleading. *See* 28 U.S.C. § 1446(b)(3). Defects in timeliness of removal are sufficient grounds for remand; these limitations are mandatory and to be strictly construed. *Office of Lawyers Prof'l Responsibility v. Clark*, Civ. No. 12-1874, 2012 WL 3477035 , at *1 (D. Minn. Aug. 15, 2012) (citing *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980).

CitiMortgage served Kraetzner with the state court complaint on August 12, 2011, and with the amended complaint on January 24, 2012. Kraetzner removed to this Court on June 26, 2012, well after thirty days from the time he received either complaint. Kraetzner argues that his removal was timely because he first ascertained that the case was removable on June 15, 2012, when he received the notice of hearing. He argues that upon receiving the notice, he realized that he would not receive a jury trial at the foreclosure proceeding, and thus his federal Seventh Amendment rights were at stake. However, there was no basis for Kraetzner to believe that the case had become removable upon receiving the notice of hearing, because Kraetzner was not entitled to federal

Seventh Amendment protection in the state foreclosure proceeding.  *See Bombolis*, 241 U.S. at 217.

In his objections, Kraetzner argues that because his constitutional rights have been violated, "there is no time limit to hear his case." (Docket No. 18.)  The Court is unaware of any precedent to support Kraetzner's contention that the removal deadlines imposed by 28 U.S.C. § 1446 do not apply to cases involving constitutional claims.  Moreover, even if 28 U.S.C. § 1446 did not apply to cases involving constitutional claims, Kraetzner has failed to prove that his federal constitutional rights have been violated.  As such, the Court will overrule his objections to the Magistrate Judge's findings on timeliness.

### C.     Venue

In his objections, Kraetzner argues that his claims can only be heard in federal district court.  Aside from the Court's lack of jurisdiction and the untimeliness of Kraetzner's removal, the District of Minnesota is not the proper federal court to which Kraetzner can remove.  An action brought in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Provision (a) of 28 U.S.C. § 1441 prohibits defendants from removing to federal court in a district other than the district where the state action is pending.[5]  The District of Minnesota is not the district in which the state

---

[5] *City of Superior v. Anderson*, Civ. No. 5-95-290, 1995 WL 861008, at * 2 (D. Minn. Dec. 18, 1995) (holding that 28 U.S.C. § 1441(a) mandates that the "the only Federal District Court, to which a State Court action may be removed, is the District Court for the District or Division in which that action was pending."); s*ee also Kerobo v. Sw. Clean Fuels, Corp.*, 285

(Footnote continued on next page.)

action is pending. The state action is pending in St. Croix County, Wisconsin. Thus, the appropriate federal district to which to remove, if any, is the Western District of Wisconsin. As such, the Court will overrule Kraetzner's objections regarding venue.[6]

### D.  CitiMortgage's Right to Foreclose

Lastly, Kraetzner alleges that there is no evidence that CitiMortgage had a right to bring the foreclosure proceeding against him because the property was sold to Fannie Mae at the foreclosure sale.

Pursuant to the note and mortgage on the property, MERS was authorized to foreclose on the property to satisfy the debt secured by the mortgage. MERS assigned the original mortgage to CitiMortgage. "An assignee of a mortgage has the same status and rights as if he or she had been named in the mortgage; in other words, the assignee stands in the shoes of the assignor." 55 Am. Jur. 2d Mortgages § 944; *see also Premke v. Pan Am. Motel, Inc.*, 151 N.W.2d 122, 127 (Wis. 1967) ("An assignee generally acquires no greater rights by virtue of the assignment than were had by the assignor."). As the

---

(Footnote continued.)

F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the state court] action [was] pending.'") (quoting 28 U.S.C. § 1441(a)).

[6] Kraetzner concludes his objections by stating that he is willing to remove the case to federal court in Wisconsin. However, there is not a motion to transfer before the Court. More importantly, there is no subject matter jurisdiction, Kraetzner's removal was untimely, and, for reasons discussed below, Kraetzner's claims are barred by the *Rooker-Feldman* Doctrine. As such, the Court will decline to transfer the case and will instead grant CitiMortgage's motion to remand.

assignee, CitiMortgage was entitled to the same rights and remedies as MERS, including the right to foreclose on the mortgage to satisfy the debt.  The fact that Fannie Mae purchased the property at the sale has no effect on CitiMortgage's rights as an assignee to foreclose on the mortgage.  As such, Kraetzner's objection regarding CitiMortgage's right to bring a foreclosure action will be overruled.

## III.   ROOKER-FELDMAN DOCTRINE

In addition to the above issues, the Court finds that Kraetzner's claims are barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to engage in appellate review of state court determinations.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)).  The Eighth Circuit has explicitly held that the *Rooker-Feldman* doctrine bars plaintiffs from bringing federal actions in an attempt to change the result of their state foreclosure proceeding.  *Postma v. First Federal Savings & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996) (holding that plaintiffs' action against the bank that foreclosed on their property was barred by the *Rooker-Feldman* doctrine because their claims could "succeed only to the extent that the state court wrongly decided the foreclosure action.").[7]

---

[7] *See also Sain*, 2008 WL 2811166, at *15-16 (holding that the *Rooker-Feldman* doctrine barred the court from hearing a case where the only way for the plaintiff to prevail was if the court overturned the state foreclosure and eviction judgment).

Kraetzner has essentially removed his case to this Court in an attempt to achieve a different result than that reached by the state foreclosure action.  The Wisconsin state court has already entered a judgment of foreclosure and sale in favor of CitiMortgage.[8]  The only way for Kraetzner to prevail here is for the Court to find that the state court erred in granting judgment in favor of CitiMortgage.  The *Rooker-Feldman* doctrine prevents such a review.

### ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendant Kraetzner's objections [Docket No. 18] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated September 10, 2012 [Docket No. 17].  **IT IS HEREBY ORDERED** that plaintiff CitiMortgage's motion to remand to St. Croix County, Wisconsin [Docket No. 4] is **GRANTED**.  The case is **REMANDED** to the State of Wisconsin, Circuit Court, St. Croix County.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 4, 2013                             s/ John R. Tunheim
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                                              United States District Judge

---

[8] "[T]he judgment of foreclosure and sale determines the rights of the parties and disposes of the entire matter in litigation and . . . the sale and confirmation proceedings are more logically characterized as an execution of judgment." *Shuput*, 325 N.W.2d at 326.  Thus, even though the judicial confirmation is still pending, the state court has already issued a final judgment that this Court does not have the power to review.